IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW MCGUIRK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 23-1192 |
| ) | |
| MARTIN O'MALLEY,[1] ) | |
| *Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

AND NOW, this 18th day of July, 2024, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 11) filed in the above-captioned matter on October 30, 2023,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 8) filed in the above-captioned matter on October 6, 2023,

IT IS HEREBY ORDERED that said Motion is GRANTED.  Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below.  Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

---

[1] Martin O'Malley is substituted as the defendant in this matter, replacing former Acting Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

1

**I.      Background**

Plaintiff Matthew McGuirk protectively filed a claim for Disability Insurance Benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. §§ 401, *et seq.*, claiming that he became disabled on January 8, 2018.  (R. 10, 196-97).  After being denied initially on December 2, 2021, and upon reconsideration on February 28, 2022, Plaintiff sought a hearing before an Administrative Law Judge ("ALJ") on March 28, 2022.  (R. 10, 86-109, 127).  After an online video hearing was held on September 14, 2022, ALJ John J. Porter denied Plaintiff's request for benefits in an unfavorable decision dated October 13, 2022.  (R. 10-19).  On May 11, 2023, the Appeals Council declined to review the ALJ's decision.  (R. 1-3).  Plaintiff filed an appeal with this Court, and the parties have filed cross-motions for summary judgment.  (Doc. Nos. 8, 11).

**II.     Standard of Review**

The Court's scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact.  *See* 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001) ("'[t]he findings of the Commissioner of Social Security as to any fact, *if supported by substantial evidence*, shall be conclusive'") (quoting 42 U.S.C. § 405(g)) (emphasis in original); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999) ("[w]e have plenary review of all legal issues . . . and review the ALJ's findings of fact to determine whether they are supported by substantial evidence.").  The Court may not undertake a *de novo* review of the Commissioner's decision or re-weigh the evidence.  *See Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986).  If the Court finds the Commissioner's findings of fact are supported by substantial evidence, then it must uphold the Commissioner's final decision.  *See Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).

The Court may not set aside a decision that is supported by substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing § 405(g)).

"Substantial evidence" is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)). However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). Additionally, an ALJ's findings must "be accompanied by a clear and satisfactory explication of the basis on which [they] rest[]." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Decisions that are conclusory in their findings or indicate the ALJ's failure to consider all the evidence are not supported by substantial evidence. *See id.* at 705-06. Moreover, the Court must ensure the ALJ did not "reject evidence for no reason or for the wrong reason." *Id.* at 706 (citing *King v. Califano*, 615 F.2d 1018 (4th Cir. 1980)).

"[A] disability is established where the claimant demonstrates that there is some medically determinable basis for an impairment that prevents him from engaging in any substantial gainful activity for a statutory twelve-month period." *Fargnoli v. Massanari*, 247 F.3d 34, 38-39 (3d Cir. 2001) (quoting *Plummer*, 186 F.3d at 427) (internal quotations omitted). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" *Id.* at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The ALJ's disability determination is based on a five-step sequential evaluation process promulgated by the Social Security Administration. 20 C.F.R. § 404.1520. At Step One, the ALJ must determine whether the claimant is currently engaging in substantial gainful activity. *See id.* at § 404.1520(a)(4)(i). If so, the disability claim will be denied. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If not, the ALJ moves on to the second step of the process, which is to determine whether the claimant is suffering from a severe impairment. *See* 20 C.F.R. § 404.1520(a)(4)(ii). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." *Id.* at § 404.1522. If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the ALJ must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. *See id.* at § 404.1520(a)(4)(iii). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

At Step Four, the ALJ must formulate the claimant's residual functional capacity ("RFC"). A claimant's RFC is defined as the most that an individual is still able to do despite the limitations caused by his or her impairments. *See Fargnoli*, 247 F.3d at 40; 20 C.F.R. § 404.1545(a). The ALJ must consider all the evidence in the record in formulating the RFC. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000). The claimant bears the burden of demonstrating an inability to perform his or her past relevant work. *See Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). If the ALJ determines that the claimant lacks the RFC to resume his or her former occupation, the evaluation then moves to the fifth and final step. *See* 20 C.F.R. § 404.1520(a)(4)(iv).

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. *See id.* at § 404.1520(a)(4)(v). In making this determination, the ALJ must consider the claimant's RFC, age, education, and past work experience. *See id.* The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. *See id.* at § 404.1523.

### III.   The ALJ's Decision

In his October 13, 2022 decision, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since the alleged onset date, January 8, 2018. (R. 12). The ALJ further found that Plaintiff had several severe impairments: history of anoxic brain injury, diabetes, anxiety, and depression. (*Id.*). However, the ALJ concluded that none of Plaintiff's impairments or combination of impairments met any of the listings. (*Id.*).

At the next step of the process, the ALJ found that Plaintiff retained the following RFC:

> [C]laimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except the claimant should avoid all exposure to dangerous machinery or heights, and should never climb ladders, ropes, or scaffolds, and frequently perform other postural activities. He is capable of understanding, remembering, and carrying out simple instructions, and using judgment on simple work-related decisions. The claimant cannot perform work requiring a specific production rate such as assembly line work or work requiring hourly quotas. He can deal with occasional changes in a routine work setting.

(R. 14). In formulating this RFC, the ALJ evaluated the entirety of the record, including the opinions of state agency psychological consultants, Drs. Virginia Martin, Psy.D., and Sharon Tarter, Ph.D., state agency medical consultants, Drs. Robert Warner, M.D., and Anne Prosperi, D.O., consultative examiner, Dr. Alexandra Smith-Demain, M.D., psychological consultative examiner, Dr. Chantal Deines, Psy.D., and medical source providers, Drs. James Masterson, D.O., and Rebecca Wiegers, Ph.D. (R. 16-17).

5

Applying this RFC, the ALJ proceeded to determine that there were jobs existing in significant numbers within the national economy that Plaintiff could perform, such as kitchen helper, store laborer, and laundry laborer. (R. 18). Accordingly, the ALJ found Plaintiff was not disabled. (R. 19).

## IV. Legal Analysis

Plaintiff sets forth several arguments as to why the ALJ's finding of not disabled is not supported by substantial evidence. (Doc. No. 9). First, Plaintiff argues that the ALJ did not assess the medical opinion evidence properly as he did not analyze the supportability and consistency factors as to each opinion. (*Id.* at 20-22). Second, Plaintiff posits that the ALJ erred in assessing his mental RFC as this assessment did not account for his memory, attention, focus, executive function, and interaction impairments. (*Id.* at 22-23). Lastly, Plaintiff argues generally that the ALJ's finding that Plaintiff was not disabled is not supported by substantial evidence. (*Id.* at 23-24). The Court agrees with Plaintiff's first argument, pertaining to the analysis of the medical opinions of record, and finds the ALJ erred by failing to adequately analyze the consistency and supportability factors, particularly in regard to Dr. Smith-Demain's opinion. The ALJ's insufficient analysis leaves the Court unable to meaningfully review this decision, and accordingly, the Court cannot find the ALJ's decision to be supported by substantial evidence. As a result, remand is necessary for further consideration and discussion of this issue.

Pursuant to 20 C.F.R. § 404.1520c, which provides guidance on the consideration of medical opinion evidence and prior administrative medical findings for applications filed on or after March 27, 2017, an ALJ must assess the persuasiveness of medical opinion evidence in the record without affording opinions "any specific evidentiary weight." *Id.* § 404.1520c(a). Five

factors are relevant to persuasiveness: supportability, consistency, relationship with the claimant, specialization, and "[o]ther factors." *Id.* § 404.1520c(c)(1)-(5).  These regulations do not require ALJs to discuss every factor, however, they must "explain how [they] considered the supportability and consistency factors . . . in [the] determination or decision."  *Id.* § 404.1520c(b)(2).

In this matter, the ALJ evaluated opinions and findings in evidence from at least eight medical sources.  (R. 16-17).   A few paragraphs of the decision are dedicated to the persuasiveness determinations for these medical sources.  (*Id.*).   While brevity is not always fatal to an ALJ's compliance with Section 404.1520c, in this case the ALJ's evaluation of the persuasiveness of Dr. Smith-Demain's opinion fell short of the regulation's standard for articulating these determinations.   As the Court has explained, an ALJ must address supportability and consistency, but the ALJ's analysis of Dr. Smith-Demain's opinion includes no mention of supportability; rather, the ALJ explained only the following:

> The undersigned find[s] the consultative exam by Dr. Alexandra Smith-Demain not fully persuasive.  Dr. Smith-Demain opined that the claimant could perform a range of heavy work.  However, the totality of the medical record shows that the claimant would be more limited[.]

(R. 17) (citation omitted).  Albeit briefly, the ALJ appears to have addressed consistency, that is, "the agreeableness of [Dr. Smith-Demain's] medical opinion[] with 'evidence from other medical sources and nonmedical sources in the claim.'"  *Pipkin v. Kijakazi*, No. 22-2-E, 2023 WL 411291, at *1 n.2 (W.D. Pa. Jan. 25, 2023) (quoting 20 C.F.R. § 404.1520c(c)(2)). Specifically, the ALJ mentioned that the totality of the medical record supported greater limitations.  (R. 17).  Supportability differs from consistency, however, in that it "is a measure of the relevancy of 'objective medical evidence and supporting explanations *presented by a medical source* . . . to support his or her medical opinion(s).'"  *Id.* at *1 n.2 (quoting 20 C.F.R. §

404.1520c(c)(1)) (emphasis in original).  One court has explained the difference between the two in this way: "supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record." *Id.* (quoting *Cook v. Comm'r or Soc. Sec.*, No. 6:20-cv-1197, 2021 WL 1565832, at *3 (M.D. Fla. Apr. 6, 2021)).  Here, the ALJ's evaluation of Dr. Smith-Demain's opinion fell short of the proper supportability analysis.

The Court finds that the ALJ's failure to adequately discuss the applicable factors in regard to Dr. Smith-Demain's opinion requires remand.  While the ALJ articulated the persuasiveness of this opinion and addressed the consistency factor pursuant to 20 C.F.R. § 404.1520c(b)(2), the ALJ's failure to discuss the supportability factor prohibits the Court from meaningful review of this decision.  While the Court does not fault the ALJ for failing to "discuss every piece of evidence in the record[,]" the Court is unable to review the ALJ's persuasiveness and RFC findings where the applicable regulations are not followed.  *Gamret v. Colvin*, 994 F. Supp. 2d 695, 698 (W.D. Pa. 2014) (citation omitted).  Defendant does not appear to even defend the ALJ's analysis of Dr. Smith-Demain's opinion; in fact, he defends the ALJ's analysis of all the other opinions of record except that of Dr. Smith-Demain. (Doc. No. 12 at 12, 16-20).

The ALJ's analysis as to the other medical opinions of record was adequate.  Specifically, the ALJ's analysis is sufficient in regard to the opinions of Drs. Martin, Tarter, Warner, Prosperi, Deines, Masterson, and Wiegers. (R. 16-17).   As to Drs. Martin, Tarter, Warner, and Prosperi, the ALJ analyzed the consistency of these opinions against the wider record and the supportability of these opinions against the doctors' own records.  *See Cook*, 2021 WL 1565832, at *3. Specifically, the ALJ stated:

> The undersigned finds the state agency psychological consultants, Dr. Virginia Martin and Dr. Sharon Tarter, persuasive. They found that the claimant had moderate memory and concentration limitations and supported it with their review of the medical evidence of record. This is consistent with treatment notes (Exhibits 1F; 2F) [showing inpatient hospital records and a physical RFC assessment from Encompass Rehabilitation Hospital] documenting this anoxic brain injury and subsequent memory issues (Exhibits 2A; 3A) [referring to disability determination explanations][.]
>
> The undersigned finds the state agency's medical consultants, Dr. Robert Warner and Dr. Anne Prosperi, [opinions] persuasive. They opined that [Plaintiff] could perform a range of medium work and supported it with their review of the medical evidence of record. This is consistent with the overall medical evidence of record showing the claimant's anoxic brain injury along with his diabetes[.] (Exhibits 2A; 3A).

(R. 16-17). Further, the ALJ sufficiently analyzed the consistency and supportability of the opinion of Dr. Deines. As to this opinion, the ALJ stated:

> The undersigned finds the psychological consultative exam by Dr. Chantal Deines persuasive. Dr. Deines assessed that the claimant had mild limitations in understanding, remembering, and carrying out complex instructions and supported it with her exam. However, the undersigned does find the claimant slightly more limited as later records support greater limits[.] (Exhibit 10F).

(R. 17). Therefore, the ALJ determined that these opinions were supported by the medical provider's own exams and that the opinions were not consistent with the overall record as that showed Plaintiff was more limited. (*Id.*).

The ALJ also sufficiently analyzed the opinions of Drs. Masterson and Wiegers. In a detailed paragraph, the ALJ determined these opinions were unpersuasive as they were not consistent with the totality of the medical evidence of record and not supported by the doctors' own findings. (R. 17). Specifically, the ALJ stated:

> The undersigned finds the medical source statements from Dr. James Masterson and Dr. Rebecca Wiegers unpersuasive. Dr. Masterson assessed that the claimant's cognitive issues from his brain injury would make him disabled, and Dr. Wiegers assessed that the claimant had no useful ability to function in several areas. However, this is not consistent with the totality of the medical evidence of record . . . [further, t]he primary physician's notes are devoid of any

9

> documentation or concern about the allegedly mentally debilitated state of the claimant. 18F. In sum, of the other providers with whom claimant treated, none documented the debilitating limitations found by Dr[s]. Wiegers and Masterson.

(*Id.*). In sum, the ALJ's analysis of these opinions was sufficient and is supported by substantial evidence.

As explained, the ALJ's analysis of Dr. Smith-Demain's opinion was deficient and, as a result, the Court is unable to review his formulation of Plaintiff's RFC. *See Gamret v. Colvin*, 994 F. Supp. 2d 695, 698 (W.D. Pa. 2014) (stating the court is unable to review the ALJ's RFC findings where the ALJ failed to "build an accurate and logical bridge between the evidence and the result."). Because the RFC is not supported by substantial evidence, the ALJ erred by incorporating the Plaintiff's RFC into the vocational expert ("VE") hypothetical. "A hypothetical question posed to a vocational expert 'must reflect *all* of a claimant's impairments.'" *Burns v. Barnhart*, 312 F.3d 113, 123 (quoting *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987)) (emphasis in original). Here, the hypothetical posed to the VE is deficient because it the RFC was formulated incorrectly on account of deficient analysis of Dr. Smith-Demain's opinion.

Based on the foregoing, the Court will remand this matter for further consideration of the medical opinion evidence. Although Plaintiff raises other arguments, the Court does not reach these because it has already found a remand warranted.[2] Accordingly, the Court remands this matter to the Commissioner for proceedings consistent with this Order.

---

[2] Plaintiff also raises the argument that the ALJ did not account for Plaintiff's memory, attention, focus, executive functioning, and interaction impairments in Plaintiff's mental RFC. (Doc. No. 9 at 22-23). The Court finds Plaintiff's argument on this point difficult to follow as it is very conclusory and Plaintiff provides no citations to the record. Thus, this argument is likely waived, and even if it is not, the ALJ did not err in this regard as the ALJ explained that Plaintiff's longitudinal treatment record did not support additional mental limitations. (R. 15, 17); *see Hyer v. Colvin*, No. 15-297-GMS, 2016 WL 5719683, at *11 (D. Del. Sept. 29, 2016) ("It is not enough merely to present an argument in the skimpiest way, and leave the Court to do

**V.      Conclusion**

In sum, the record does not permit the Court to determine whether the findings of the ALJ regarding Plaintiff's RFC are supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case. The Court hereby remands the case to the Commissioner for reconsideration with this Order.

s/Alan N. Bloch<br>
United States District Judge

ecf:        Counsel of record

---

counsel's work – framing the argument, and putting flesh on its bones through a discussion of the applicable law and facts.") (quoting *Ve Thi Nguyen v. Colvin*, No. C13-882, 2014 WL 1871054, at *2 (W.D. Wash. May 8, 2014)).